IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHROME CHERRY LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 21-cv-05491<br><br>**Judge Franklin U. Valderrama**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff Chrome Cherry Limited ("Chrome Cherry" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

**I.    INTRODUCTION**

Plaintiff Chrome Cherry Limited ("Chrome Cherry" or "Plaintiff") brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for infringement of U.S. Design Patent No. D858,876. As alleged in Plaintiff's Complaint [1], Defendants are knowingly and willfully offering for sale, selling, and/or importing into the United States for subsequent resale or use products that infringe directly and/or indirectly Chrome Cherry's patented design, U.S. Patent No. D858,876 (the "Infringing Products") through various fully interactive, e-commerce stores[1] operating under the seller aliases listed in Schedule A to the Complaint (collectively, the "Seller Aliases").

**II.    STATEMENT OF FACTS**

On October 20, 2021, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO") [24], and subsequently extended the TRO to November 19, 2021. [30]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website, and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Pierre Swart and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [24] at ¶ 7. Since and pursuant to entry of the TRO, financial accounts associated with the Seller Aliases have been frozen. *See* Declaration of Justin R. Gaudio at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants.

---

[1] The ecommerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

1

**III.  ARGUMENT**

   A.  <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

   B.  <u>The Equitable Relief Sought Remains Appropriate</u>

Since entry of the TRO, PayPal, Inc., Amazon.com, Inc., Alipay, DHgate, eBay, Inc., and Wish.com have restrained accounts linked to the Seller Aliases that were offering for sale and/or selling the Infringing Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to an offshore account. In addition, and as established in Plaintiff's TRO Memorandum [12], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated this 16th day of November 2021.    Respectfully submitted,

/s/ Justin R. Gaudio
Christopher S. Hermanson
Justin R. Gaudio
Jake M. Christensen
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
chermanson@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff Chrome Cherry Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Pierre Swart and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Christopher S. Hermanson
Justin R. Gaudio
Jake M. Christensen
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
chermanson@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff Chrome Cherry Limited*